## BROOKS *v.* SULLIVAN.

MORTGAGES—DURESS—APPEAL.

> A bill to set aside a mortgage on the ground of duress, *held*, on a review of the evidence, to have been properly dismissed.

Appeal from Branch; Yaple, J. Submitted January 30, 1901. Decided June 4, 1901.

Bill by Amanda Brooks against James C. Sullivan, survivor of himself and Michael H. Brooks, to set aside

a mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

*Leonard F. Humphrey,* for complainant.

*M. A. Merrifield* and *Milo D. Campbell,* for defendant.

LONG, J. Complainant filed her bill in this cause to set aside a mortgage given by herself and husband, Michael H. Brooks, to defendant James C. Sullivan on 10 acres of land owned by the husband, which mortgage complainant alleges in her bill was obtained by duress. It appears that complainant and her husband lived for many years on this 10 acres of land, about a mile from defendant Sullivan. For some years Mr. Brooks was in the habit of borrowing money from Sullivan, and Sullivan signed notes with him at the bank. In April, 1900, for the purpose of securing Sullivan for some of these notes, Brooks gave him a mortgage of $270.83 on five acres of this land. This mortgage was not signed by Mrs. Brooks. Brooks thereafter became further indebted, and in 1892 gave Sullivan a chattel mortgage of $146.50. Mr. Sullivan was informed that the real-estate mortgage was void, because not signed by the wife; the premises being a homestead. Thereupon Sullivan procured the mortgage in controversy, of $515.30, upon the 10 acres, to be made and executed by Brooks and his wife, and which is now sought to be set aside.

The complainant's claim is that Sullivan procured a lawyer and another man to go with him to her house for the purpose of procuring the mortgage; that, arriving there, Sullivan called Mr. Brooks out the door, and, after some conversation, the attorney entered the house with him, and there the husband, in the presence of his daughter and the lawyer, stated to complainant that he (Brooks) had disposed of the property covered by the chattel mortgage which Sullivan held against him, and thereby had made himself liable to imprisonment, and that, if he did

not give a mortgage signed by her, they would send him to prison; and, fearing that her husband would be sent to prison, she signed the mortgage. Defendant Sullivan testified that the attorney did not go into the house with Brooks, but that he went in with him and a man by the name of Austin, and that no such conversation was there had; that Brooks came to the door, had a talk with him about the mortgage, returned to the house saying he would see if Mrs. Brooks would sign it, and returned shortly afterwards saying she would sign it; that the parties then all went into the house, when the mortgage was drawn and signed. It appears that the mortgage was recorded on the same day as given. The complainant and her husband after that gave a quitclaim deed of the premises to their daughter, who some time afterwards deeded to the complainant. After this proceeding was commenced Mr. Brooks died. On the hearing below, the court dismissed complainant's bill.

The question involved is purely of fact. We are satisfied that no duress is shown, but that the mortgage was voluntarily executed by the wife as well as by the husband. The court below reached the right result. It would profit no one to set out at length the testimony given in the case. The court below saw the witnesses, and the opinion of that court has great weight with us in reaching the determination we have.

The decree below must be affirmed, with costs.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.